UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD ULLOA,

                                Plaintiff,

       v.                                                       1:06-CV-0751
                                                                            (NAM)(RFT)

UNITED STATES OF AMERICA; INTERNAL REVENUE
SERVICE; TERRY H. COX,

                                Defendants.

APPEARANCES:

RICHARD ULLOA
Plaintiff, *pro se*

NORMAN A. MORDUE, Chief United States District Judge

## DECISION and ORDER

**I.**     **Introduction**

Presently before the Court is a complaint filed *pro se* by plaintiff Richard Ulloa. The complaint challenges a levy issued by the Internal Revenue Service ("IRS") to recover unpaid taxes. Dkt. No. 1. Plaintiff has also filed a motion encaptioned "Motion to Stay," which appears to seek injunctive relief. Dkt. No. 2. The statutory filing fee for this action has been paid.

**I.**     **Complaint**

According to the complaint, the notice of levy is "unlawful and invalid" because, *inter alia*, the notice of levy was issued "without the 'due process' of a Collection Due Process hearing," the notice of levy was issued without "issuance of a 'Notice and Demand,'" and plaintiff never received the original Notice of Levy from the IRS.[1] Dkt. No. 1 at 1-2.

**II.**     **Motion to stay**

---

[1] Plaintiff seeks to maintain this action under to 26 U.S.C. § 6330(d)(1)(A). Dkt. No. 1 at 1.

Plaintiff's "Motion to stay" is construed as seeking a preliminary injunction to stay further collection under the notice of levy until a Collection Due Process Hearing can be held. Dkt. No. 2. A preliminary injunction is an extraordinary remedy that should not be granted as a routine matter. *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show (a) a threat of irreparable injury if the injunction is not granted and (b) either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *Burgess v. Friedmann*, No. 9:05-CV-0379, 2005 WL 3531459, at *2 (N.D.N.Y. Dec. 22, 2005) (citing *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996)).

> However, where, as in this case, a plaintiff seeks an injunction to "prevent government action taken pursuant to statutory authority, which is presumed to be in the public interest," the second "serious questions" prong is inapplicable and the plaintiff is required to demonstrate a likelihood of success on the merits. *See Molloy v. Metropolitan Trans. Auth.*, 94 F.3d 808, 811 (2d Cir.1996) (citing *Able v. United States*, 44 F.3d 128, 130 (2d Cir.1995)). In addition, the courts are barred from entertaining suits that seek to restrain the assessment or collection of any tax. 26 U.S.C. § 7421. The Anti-Injunction Act withdraws jurisdiction from the state and federal courts in any suit seeking an injunction prohibiting the collection of federal taxes and requires that the legal right to a disputed sum be determined in a suit for refund. *Id.; see Mullings v. Commissioner*, 78 A.F.T.R.2d (RIA) 6109, 96-2 U.S. Tax Cas. (CCH) P50531, 1996 WL 576999 (E.D.N.Y.1996), aff'd,112 F.3d 504 (2d Cir.1997).

*Celauro v. U.S.*, 371 F. Supp.2d 219, 222-23 (E.D.N.Y. 2005).[2]

In support of his request for injunctive relief, plaintiff merely submits a one page document setting forth plaintiff's conclusory statements that the Notice of Levy was issued without due process, and that if collection continues under the levy, plaintiff will be left with "basically no monies to live

---

[2] As stated in the Anti-Injunction Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421. "The purpose of the Act is to protect 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Randell v. United States*, 64 F.3d 101, 106 (2d Cir.1995) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974)) (additional quotation marks omitted).

on." Dkt. No. 3. Plaintiff has not met the stringent standard to warrant the injunctive relief that he requests. Plaintiff has not established, with credible evidence, that he is likely to succeed on the merits of his underlying action.

While the Supreme Court recognizes one judicial exception to the Anti-Injunction Act,[3] plaintiff has not established that he fits into the judicial exception. The judicial "exception exists only when the plaintiff can show **both**: (1) that the government could 'under no circumstances' ultimately prevail and (2) that equity jurisdiction otherwise exists."[4] *Tucker v. United States*, No. 96-CV-6093, 1998 WL 708923, at *2 (E.D.N.Y. Jul. 6, 1998) (emphasis added) (citing *Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974); *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1 (1962)). To take advantage of the judicial exception, plaintiff must prove "that the government has no possible chance of succeeding on the merits....'" *Tien v. Goldenberg*, No. 94-CV-3868, 1996 WL 271591, at *2 (E.D.N.Y. Jan. 30, 1996, as amended May 29, 1996) (citations omitted). In deciding whether the judicial exception is applicable, the court must "take the view of the facts that is most liberal to the Commissioner, not to the taxpayer seeking injunctive relief." *Tucker*, 1998 WL 708923, at *2 (citations omitted). The Court has reviewed the allegations set forth in plaintiff's complaint in conjunction with the relevant law and finds that plaintiff has failed to meet this burden.

Based on the foregoing, plaintiff's "Motion to Stay" is **denied**.

**WHEREFORE**, it is hereby

---

[3] There are several statutory exceptions to the Anti-Injunction Act, none of which are applicable to this case. *See* 26 U.S.C. § 7421(a).

[4] Plaintiff appears to invoke the Court's equity jurisdiction by alleging that, should the Court not stay enforcement of the levy, he will be left with almost no money. Dkt. No. 2. The Court notes, however, that "[e]conomic injury, even to the point of financial 'ruination of the taxpayer's enterprise' will not allow a party to escape application of the Anti-Injunction Act." *Deitz v. Trustco Bank*, No. 1:05-CV-0676, 2005 WL 1871184, at *3 (N.D.N.Y. Aug. 3, 2005) (citations omitted).

**ORDERED**, that it is the responsibility of plaintiff to immediately serve the defendants with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure, and it is further

**ORDERED**, that the parties shall comply with General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, and it is further

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is further

**ORDERED**, that the motion to stay (Dkt. No. 2) is **DENIED**, and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.</u>**  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District, and it is further

**ORDERED**, that the Clerk serve a copy of this Order and General Order 25 on the plaintiff.

DATE:  June 22, 2006

_____
Norman A. Mordue
Chief United States District Court Judge

4