**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD ULLOA,**

      **Plaintiff,**

v.

**UNITED STATES OF AMERICA,**
**COMMISSIONER OF THE INTERNAL REVENUE SERVICE,**
**TERRY H. COX, LISA GRASSI and NORBERT BRAUN,**

      **Defendants.**

**1:06-CV-751**
**(NAM/RFT)**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Richard Ulloa, Plaintiff *Pro se* | |
| United States Department of Justice<br>P.O. Box 55, Ben Franklin Station<br>Washington, D.C. 20044<br>For Defendant United States of America | Lisa L. Bellamy,<br>Trial Attorney, Tax Division |
| Phillips Lytle LLP<br>3400 HSBC Center<br>Buffalo, New York 14203-2887<br>For Defendants Grassi and Braun | Patricia A. Mancabelli, Esq. |

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff *pro se* Richard Ulloa brings this action pursuant to 26 U.S.C. § 6330 seeking to set aside "an invalid collection due process 'Determination'" in connection with a tax levy the Internal Revenue Service ("IRS") imposed against his wages. Defendants United States of America, Commissioner of the IRS, Terry Cox, Lisa Grassi, and Norbert Braun move to dismiss the amended complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Additionally, defendants Lisa Grassi and Norbert Braun move pursuant to Rule 11 for an award of sanctions against plaintiff for their costs and attorneys' fees. Plaintiff opposes defendants' motions.

## II.     THE AMENDED COMPLAINT

Construed liberally, the amended complaint and its exhibits allege that on June 8, 2006, Grassi, of Fidelity Employer Services Corp., sent plaintiff an email stating, in relevant part:

> On June 7, 2006, IBM Payroll Services received a Tax Levy from the Internal Revenue Service (IRS) against your wages. The levy was issued by the IRS office in Albany, NY.
>
> Please contact the IRS . . . to obtain a Release of Levy or set up a payment agreement authorizing a set amount to be deducted from your paycheck each pay period. The IRS should forward the release or payment agreement form to IBM Payroll Services by fax . . . or mail . . . .
>
> The release or payment agreement must be received at IBM Payroll Services by Noon on June 22, 2006 or the levy will begin with your June 30, 2006 pay . . . .
>
> Per IRS guidelines, you will receive $352.08 per pay period if paid semi-monthly or $157.69 if paid weekly.
>
> The remainder of your disposable (gross minus taxes) pay will be sent to the IRS. Health care premiums and TDSP deductions will continue.
>
> The IRS levy will continue until IBM Payroll Services receives a release from the IRS. It is your responsibility to monitor the balance due with the IRS.

Am. Compl., Ex. B. According to the amended complaint, the IRS issued the notice of levy without the "due process" of a "Collection Due Process" hearing or the issuance of a "Notice and Demand". Am. Compl. ¶ 4-5. Plaintiff never received the "original 'Notice of Levy'" from the IRS. *Id.* ¶ 5.

Plaintiff submitted and signed a "1040" to the IRS on April 3, 2003. *Id.* ¶ 7. Defendant IRS Officer Terry Cox claimed however that another "return (1040)" was completed. Cox

refused to send plaintiff the new return and advised plaintiff that "[i]f you want it you must request it". *Id*. ¶ 8. Additionally, Cox "refused to issue a 'Release' of the Notice of Levy" even after plaintiff "explained to him that [he] did no [sic] owe any taxes and had request [six] a CDP hearing or a CAP hearing." *Id*. ¶ 10. Cox nevertheless "issued a 'Notice of Levy' knowing that it would be challenged by Ulloa in a Collections Due Process Hearing." *Id*. ¶ 11. Further, Cox "maliciously issued the 'Notice of Levy' on 5/31/06 knowing that the paperwork for a request for a Collections Due Process would not arrive in time prior to the Levy taking hold." *Id*. ¶ 12. No "'Notice of Demand' was ever issued". *Id*. ¶ 13.

Plaintiff "called the Collections 800 number, and they stated that any payment arrangements need to be done via the Revenue Officer she said 'seems some kind of block or note is on the account from the Revenue Officer that restricts the Collections Department of accepting any payments or setting up of payments.'" *Id*. ¶ 18.

According to the amended complaint, Cox sent the same "Notice of Levy" to Hudson Valley Cut & Bronzing, Inc., another of plaintiff's employers. *Id*. ¶ 19. On June 12, 2006, Hudson Valley sent Cox a letter questioning his authority "to send out such a 'Notice of Levy' and requested a reply in writing, asking for a reply to plaintiff's affidavit and production of Cox's 'pocket commissions', and advising that a 'Notice of Levy' was not a court order" and "that it was this corporations [sic] fiduciary obligation to make sure that the third party is legally authorized to send out such notices and to seize personal property in payments of income taxes." *Id*. ¶¶ 19-22. Cox has not responded. *Id*.

According to the amended complaint, on June 21, 2006, Cox:

sen[t] two individuals which identified themselves as "Internal Revenue Officers". They asked one of the ladies "if they get a paycheck", they asked "where is it drawn from?" [Plaintiff] was less than five minutes away, since [plaintiff] had a meeting .

3

> . . at the hair salon. The revenue officers were told that [plaintiff] was on the way, and that [plaintiff] was on the phone. The Revenue officers were asked if they wanted to speak to [plaintiff] or someone in management, the officers refused . . . . The Revenue officers left the hair salon very quickly, got in there [sic] car and pulled out of the parking lot 'like bats out of hell' . . . .

*Id*. ¶ 23. A press release regarding this incident "was issued" to the media and "sent to" "New York State Senators and Congressmen", and "Internal Revenue offices". *Id*. (*see* Am. Compl., Ex. F).

In response, Cox conspired with Grassi "as to how much to steal from [plaintiff]". *Id*. ¶ 33. Further, Grassi shared information "about [plaintiff's] personal tax information, W-4, and exemptions". *Id*. ¶ 34. Cox also "issued orders" to change plaintiff's W-4 "to marital status single and withholding allowances of zero (00)." *Id*. ¶ 25. In retaliation, Cox also "sent out these notices to as many corporations he could, even corporations that do not exist anymore but were once affiliated with [plaintiff]". *Id*.

Despite plaintiff's communications advising that the "'Notice of Levy' was invalid and illegal since no 'Notice and Demand', or a Collections Due Process Hearing was issued, and it was against [plaintiff's] constitutional rights of 'Due Process'" Grassi and Braun "illegally stole personal property from [plaintiff]". *Id*. ¶¶ 27-29.

As a result of the above events, plaintiff requests an order: declaring the May 31, 2006 "Notice of Levy" invalid; directing the government to reimburse plaintiff for the costs of this action; and awarding plaintiff punitive damages.

## III. DISCUSSION

### A. Rule 12(c) Motion to Dismiss

Defendants Grassi and Braun move pursuant to Rule 12(c) to dismiss the amended complaint for failure to state a claim upon which relief can be granted. The Court must consider a *pro se* complaint liberally. *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). When considering a motion to dismiss a complaint under Rule 12(c), a court "'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46. "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). Accordingly, the Court has confined its review to the amended complaint and the attached exhibits.

Defendants Grassi and Braun assert that they are not, as a matter of law, liable to plaintiff because the claims in the amended complaint stem from their compliance with the notice of levy

5

they received from the IRS. Defendants therefore argue that the Court must dismiss them from the amended complaint. Plaintiff opposes defendants' motion.

Pursuant to 26 U.S.C. § 6332(e):

Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

"If, on the other hand, the custodian refuses to honor a levy, he incurs liability to the Government for his refusal." *United States v. National Bank of Commerce*, 472 U.S. 713, 721 (1985). Two circumstances justify noncompliance with a levy: (1) the person levied upon does not possess the property; or (2) "the property is subject to prior judicial attachment." *Soffer v. United States*, 01 Civ. 0945, 2002 WL 741653, at *6 (S.D.N.Y. Mar. 20, 2002). There is no indication in the amended complaint that those circumstances are at issue in this case. Thus, to the extent the amended complaint challenges defendants' compliance with the IRS's "Notice of Levy", because § 6332(e) immunizes defendants from suit, it fails to state a claim upon which relief can be granted. *See id.* (dismissing the complaint because the defendants, who complied with the notices of levy issued by the IRS and levied the plaintiff's assets, were immune from suit pursuant to § 6332(e)). Accordingly, the motion for judgment on the pleadings by defendants Grassi and Braun is granted.

When addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). Where, however, any amendment would be futile, dismissal with

6

prejudice is appropriate. *See id.* (affirming district court's dismissal of the pro se plaintiff's complaint without leave to replead because "the problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it." In this case, as discussed above, the problem with plaintiff's cause of action against Grassi and Braun is substantive because they have statutory immunity against any claims plaintiff asserts against them in connection with the levy. Thus, any amendment would be futile. Accordingly, the claims against them are dismissed with prejudice.

### B. Rule 12(b)(1) Motion to Dismiss

The United States moves to dismiss the amended complaint pursuant to Rule 12(b)(1) on the grounds that it is barred by the sovereign immunity of the United States and that the Court lacks jurisdiction to enter a declaratory judgment.

In contemplating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint[,]" *Atlantic Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)(citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), though "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id.* (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). Plaintiff brings this action *pro se*, thus his submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers . . .". *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may include evidence outside the pleadings, e.g., affidavit(s) or otherwise competent evidence, and cannot be converted to a Rule 56 motion for summary judgment. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

### 1. Sovereign Immunity

As a sovereign, the United States "may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)). "When a statutory waiver of immunity exists, a plaintiff must strictly comply with the conditions to suit outlined by the statute or corresponding regulation." *Weisman v. Commissioner of IRS*, 103 F.Supp.2d 621, 626 (E.D.N.Y. 2000) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

### a. Declaratory Judgment

In the amended complaint, plaintiff seeks an order declaring the invalidity of the IRS's activities in connection with the "'Notice of Levy' of May 31, 2006" as well as an award punitive damages and costs he incurred in bringing this action. The Declaratory Judgment Act, however, expressly precludes federal courts from granting declaratory relief in cases "with respect to federal taxes." 28 U.S.C. § 2201(a). "Thus, whether or not that Act waives the sovereign immunity of the United States with respect to other types of actions, it explicitly excludes from any such waiver the power to declare rights or obligations with respect to federal taxes." *S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002). Therefore, the Court lacks jurisdiction to consider plaintiff's amended complaint to the extent it seeks declaratory relief.

### b. Wrongful Levy

Construed liberally, the amended complaint may be read to advance a wrongful levy claim under 26 U.S.C. § 7426. Pursuant to 26 U.S.C. § 7246(a)(1), "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States." In this case, according to the amended complaint, plaintiff is the person "against whom is assessed the tax out of which such

8

levy arose", thus, the amended complaint fails to state a wrongful levy claim upon which relief can be granted.

Further, to the extent plaintiff challenges the levy pursuant to 26 U.S.C. § 6330(d)(1), *see* Am. Compl. (entitled "Ammended [sic] Complaint for Damages and Request that this Court Set Aside an Invalid Collection Due Process 'Determination' Lawlessly Issued Pursuant to 26 U.S.C. § 6330"), the Court lacks subject matter jurisdiction because plaintiff is challenging a levy imposed for unpaid income taxes. With respect to challenges to IRS tax levies, the relevant statute is 26 U.S.C. § 6330(d)(1)(A),[1] which provides for the Tax Court to exercise jurisdiction with respect to those levies over which it is has deficiency jurisdiction, specifically, income, gift, and estate taxes, *see* 26 U.S.C. §§ 6211(a), 6213(a), 6214(a); *Downing v. Commissioner*, 118 T.C. 22, 27-28, 2002 WL 15574 (2002) ("The Tax Court generally has jurisdiction over income, gift, and estate tax cases for purposes of section 6330(d)(1)(A) because we have deficiency jurisdiction relating to those taxes."). Only in those cases where the Tax Court lacks jurisdiction over the underlying tax liability may the district court review a levy. *See* 26 U.S.C. § 6330(d)(1)(B). Accordingly, the Court lacks subject matter jurisdiction to consider this claim.

### 2. Commissioner of the Internal Revenue Service

The United States argues that the Commissioner of the Internal Revenue Service should be dismissed as a defendant from this case because there is no mention of the Commissioner in the body of the amended complaint. In the absence of allegations against the Commissioner, the amended complaint fails to state a claim upon which relief can be granted. *Gavigan v. Commissioner, Internal Revenue Service*, No. 3:06-CV-942, 2007 WL 1238651, *3 (D.Conn.

---

[1] On August 16, 2006, (after the commencement of this action), section 6330(d)(1) was revised to direct all appeals from CDP hearings to the Tax Court. *See* Pub.L. No. 109-280, § 855(a), 120 Stat. 780, 1019 (2006).

9

Apr. 27, 2007) (dismissing claims against the IRS Commissioner because the plaintiffs "do not allege any actions taken by him or otherwise mention him in the body of their complaint") (citing *Akers v. United States*, 539 F.Supp. 831, 833 (D.Conn. 1982)). Accordingly, the Commissioner of the IRS is dismissed without prejudice.

### 3. Terry Cox

The amended complaint contains allegations against Revenue Officer Terry Cox in connection with the levy at issue in this case. The Internal Revenue Code, however, nowhere contemplates actions directly against its employees and the Federal Tort Claims Act expressly excludes tort actions against federal employees when their actions were undertaken within the scope of the employment. *See* 28 U.S.C. § 2679(b)(1). There is no allegation in the amended complaint that Cox acted outside the scope of his employment in connection with the tax collection activities at issue in this case. Moreover, section 2680(c) of the Federal Tort Claims Act expressly prohibits suits for tax-related claims: "The provisions of this chapter ... shall not apply to ... (c) Any claim arising in respect of the assessment or collection of any tax..." 28 U.S.C. 2680(c); *see also Aetna Casualty & Surety Co. v. United States*, 71 F.3d 475, 477 (2d Cir. 1995).

Plaintiff's claims against Cox are not viable even if the Court were to construe the amended complaint as asserting constitutional due process violations. In *Bivens v. Six Unknown Named Agents of Federal Bureau Narcotics*, 403 U.S. 388, 390-97 (1971), the Supreme Court recognized a direct cause of action against federal employees for damages for alleged constitutional breaches. Where, however, a statutory scheme sufficiently provides "adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," additional remedies under *Bivens* are not available. *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988). The Second Circuit recently stated, in denying *Bivens* relief to taxpayers

10

claiming First Amendment violations, that "it would be difficult to conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code." *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 113 (2d Cir. 2005). Thus, as Congress has "designed a complex and comprehensive administrative scheme that provides various avenues of relief for aggrieved taxpayers," *id.*, plaintiff cannot assert a viable claim against Cox as a federal employee for any alleged violations of plaintiff's constitutional rights as a result of Cox's tax assessment and collection related activities.[2]  Accordingly, plaintiff's claims against Cox are dismissed without prejudice.

### C. Motion for Sanctions

On December 22, 2006, defendants Grassi and Braun filed a motion for sanctions pursuant to Rule 11.  Dkt. no. 22.  The attached Certificate of Service indicates that defendants served plaintiff the same day.  *Id.*  "[W]hen Rule 11 sanctions are initiated by the motion of a party, it gives the subject the opportunity to withdraw the potentially offending statements before the sanctions motion is officially filed." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003) (citing Fed. R. Civ. P. Rule 11(c)(1)(A) (providing a "safe harbor" by requiring the motion for sanctions to be served twenty-one days before it can be filed with the court)).  Given this procedural issue and plaintiff's *pro se* status, defendants' motion is denied.

### CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the motion for judgment on the pleadings by defendants Grassi and Braun is **GRANTED**; and it is further

---

[2] Because the amended complaint fails to state a claim against defendant Cox, the Court need not reach the government's additional argument for dismissal based on plaintiff's alleged failure to effect service of process.

11

**ORDERED** that the motion to dismiss the amended complaint by defendant United States of America is **GRANTED**; and it is further

**ORDERE**D that the motion for sanctions by defendants Grassi and Braun is **DENIED**; and it is further

**ORDERED** that the amended complaint as against defendants Grassi and Braun is **DISMISSED with prejudice**; and it is further

**ORDERED** that the amended complaint as against defendants United States of America, Commissioner of the Internal Revenue Service and Terry Cox is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Dated:  September 20, 2007

_____
Norman A. Mordue
Chief United States District Court Judge